Lauren M. Hausman (CA BAR NO. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN FETTERS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>V.<br><br>ECOWISE WELLNESS LLC, and PROSPER NUTRITION LLC,<br><br>    Defendant. | Civil Action No. 2:25-cv-9753<br><br>**DECLARATION OF LAUREN M. HAUSMAN** |

Lauren M. Hausman does hereby declare pursuant to 28 U.S.C. § 1746:

1.  I am over the age of 18 and otherwise competent to testify.

2.  I submit this declaration in response to the Court's Minutes in Chambers Order (the "Order") [D.E. 14] with respect to the application for the *pro*

1

*hac vice* application for admission of Andre Reikhelson, Esq. This declaration and the facts stated herein are based upon my personal knowledge.

3. I have been a member of the Florida Bar since 2022, the California Bar since May 17, 2023, and a member of the Central District of California since June 2, 2023. I am an associate at CopyCat Legal PLLC ("CopyCat Legal") which is the law firm that has employed me since first being admitted to the Florida Bar.

4. As a young attorney, fulfilling my ethical obligations to both my clients and the Court are of the utmost importance to me. I was thus shaken to receive the Order and immediately took action to both review Local Rule 83-2.1.3.4 and to discuss such with CopyCat Legal's managing attorney (Daniel DeSouza, Esq.).

5. I reside in South Florida and primarily work from CopyCat Legal's physical offices in Coral Springs, FL. As explained herein, I have traveled to the Central District of California for a hearing and trial in a copyright infringement matter, but I am not regularly physically present in California.

6. Having reviewed Local Rule 83-2.1.3.4 in detail, I must apologize to the Court as I was previously unaware that the Local Rule required a physical office within the Central District of California (with my belief being that the virtual office secured by Mr. D'Loughy was sufficient) and/or that I am physically present in California more frequently for purposes of sponsoring another attorney for *pro hac*

2

*vice* admission.

7. When I was first admitted to the California Bar, the former co-managing attorney for CopyCat Legal (James D'Loughy, Esq., who is no longer with the firm) notified both myself and Mr. DeSouza that he had secured office space for CopyCat Legal at the 113 N. San Vicente Blvd. address:



8. It is my understanding that the 113 N. San Vicente Blvd. address is a co-working/virtual office space that was secured by Mr. D'Loughy in anticipation of my admission to the California Bar and, ultimately, the various federal districts throughout the State. To my knowledge, that is the only address at which CopyCat Legal secured a virtual office, notwithstanding that I am also admitted to the Northern, Eastern, and Southern Districts of California.

9. Following my admission to the Central District of California, I have physically appeared in court in the Central District at the pre-trial conference/motion in limine hearing and subsequently at trial in <u>Harrington v. Deepak Dugar, M.D. a Medical Corporation</u> (Case No. 2:22-cv-08230). In

September 2025, I had flights/hotel booked for a summary judgment hearing in Grecco v. TikTok Inc. (Case No. 2:24-cv-04837), but the motions in that case were taken under advisement and the hearing was thus cancelled two days beforehand.

10. Given the office address secured by Mr. D'Loughy and my prior physical appearances, I earnestly believed that I could sponsor Mr. Raikhelson to appear in this case. I regret not fully familiarizing myself with the Local Rule prior to the application being filed, but I certainly did not attempt to mislead the Court in any way by filing the application.

11. Mr. Raikhelson is a long-time acquaintance of CopyCat Legal's managing attorney (Mr. DeSouza).

12. My understanding is that Mr. Raikhelson reached out to Mr. DeSouza on October 24, 2025 to inquire whether Mr. DeSouza knew any California attorneys who could assist with a matter pending in the Central District.

13. Mr. DeSouza informed Mr. Raikhelson that I am admitted to the Central District and, after reviewing the Complaint and performing a conflicts search, could assist with the case.

14. Following such introduction, our paralegal worked with Mr. Raikhelson to gather the necessary certificates of good standing/information as to his Bar admissions such that the application could be filed.

15. I again apologize to the Court if my contacts with/presence in

4

California were not sufficient under Local Rule 83-2.1.3.4.  I was under the honest belief that I could move for Mr. Raikhelson's *pro hac vice* admission.

16.  Upon the Court raising the issue, we have reached out to attorneys with physical offices in the Central District that we have worked with previously to put them in touch with Mr. Raikhelson.

17.  Given the concerns raised by the Court, I believe it best for such attorneys (or some other attorney with physical offices in the Central District) to move for Mr. Raikhelson's *pro hac vice* admission in the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: November 7, 2025.                    /s/ Lauren M. Hausman_____
                                            Lauren M. Hausman