KEVIN S. DICKER (SBN 179315)
kevin@frostllp.com
LAWRENCE J.H. LIU (SBN 312115)
lawrence@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendants
ECOWISE WELLNESS LLC and
PROSPER NUTRITION LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN FETTERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ECOWISE WELLNESS LLC, and PROSPER NUTRITION LLC,<br><br>Defendants. | Case No. 2:25-cv-9753-PA-MAR<br><br>*Assigned for All Purposes to:*<br>Hon. Percy Anderson<br><br>**DEFENDANTS ECOWISE WELLNESS LLC AND PROSPER NUTRITION LLC'S ANSWER TO COMPLAINT**<br><br>Compl. Filed:  October 10, 2025 |

Defendants ECOWISE WELLNESS LLC ("EcoWise") and PROSPER NUTRITION LLC ("Prosper") (collectively, "Defendants"), hereby answer the Complaint of Plaintiff DEAN FETTERS ("Plaintiff") as follows:

## **GENERAL DENIAL AND SPECIFIC RESPONSES**

1.    Answering paragraph 1 of the Complaint, and pursuant to Code of Civil Procedure section 431.30(d), Defendants generally and specifically deny each and every allegation contained in paragraph 1 and in the Complaint as a whole, and further deny that Plaintiff, or any person on whose behalf Plaintiff purports to sue, has been injured or damaged in any sum or at all, or is entitled to any relief whatsoever from Defendants.

2.    Answering paragraph 2 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 2.

3.    Answering paragraph 3 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 3.

4.    Answering paragraph 4 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 4.

5.    Answering paragraph 5 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 5.

6.    Answering paragraph 6 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 6.

7.      Answering paragraph 7 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 7.

8.      Answering paragraph 8 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 8.

9.      Answering paragraph 9 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 9.

10.      Answering paragraph 10 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 10.

11.      Answering paragraph 11 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 11.

12.      Answering paragraph 12 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 12.

13.      Answering paragraph 13 of the Complaint, Defendants generally admit the allegations contained therein but deny that creatine is essential when performing any physical activity.

14.      Answering paragraph 14 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 14.

DEFENDANTS ECOWISE WELLNESS LLC AND PROSPER NUTRITION LLC'S ANSWER TO COMPLAINT

15.     Answering paragraph 15 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 15.

16.     Answering paragraph 16 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 16.

17.     Answering paragraph 17 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 17.

18.     Answering paragraph 18 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 18.

19.     Answering paragraph 19 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in  in paragraph 19.

20.     Answering paragraph 20 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in in paragraph 20.

21.     Answering paragraph 21 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 21.

22.     Answering paragraph 22 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 22.

23.     Answering paragraph 23 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 23.

24.     Answering paragraph 24 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 24.

25.     Answering paragraph 25 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 25.

26.     Answering paragraph 26 of the Complaint, lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 26.

27.     Answering paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 27.

28.     Answering paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 28.

29.     Answering paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class

DEFENDANTS ECOWISE WELLNESS LLC AND PROSPER NUTRITION LLC'S ANSWER TO COMPLAINT

member is entitled to any relief as a result of the allegations in paragraph 29.

30.     Answering paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 30.

31.     Answering paragraph 31 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 31.

32.     Answering paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 32.

33.     Answering paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 33.

34.     Answering paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 34.

35.     Answering paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 35.

36.     Answering paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 36.

37.     Answering paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 37.

38.     Answering paragraph 38 of the Complaint, Defendants admit that Federal Rule of Civil Procedure 9(b) exists and speaks for itself. Defendants deny any characterization of that statute inconsistent with its actual text. As to the remainder of

the allegations contained in paragraph 38, Defendants deny each and every allegation contained therein, and further deny any claim of fraud.

39.    Answering paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 39.

40.    Answering paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 40.

41.    Answering paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 41.

42.    Answering paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 42.

43.    Answering paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 43.

44.    Answering paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 44.

45.    Answering paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 45.

46.    Answering paragraph 46 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 46.

47.    Answering paragraph 47 of the Complaint, Defendants lack sufficient

DEFENDANTS ECOWISE WELLNESS LLC AND PROSPER NUTRITION LLC'S ANSWER TO COMPLAINT

information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 47.

48.    Answering paragraph 48 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 48.

49.    Answering paragraph 49 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 49.

50.    Answering paragraph 50 of the Complaint, Defendants lack sufficient information or belief, and on such basis, deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 50.

51.    Answering paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 51.

52.    Answering paragraph 52 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 52.

53.    Answering paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 53.

54.    Answering paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein, and further deny that Plaintiff or any putative class member is entitled to any relief as a result of the allegations in paragraph 54.

55.    Answering paragraph 55 of the Complaint, Defendants deny each and

1   every allegation contained therein, and further deny that Plaintiff or any putative class

2   member is entitled to any relief as a result of the allegations in paragraph 55.

### **FIRST CAUSE OF ACTION**

### **(Violation of Consumers Legal Remedies Act, Civil Code § 1750 et seq.)**

56.    Answering paragraph 56 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 55 of the Complaint as though fully set forth herein, and deny that such allegations state any claim or entitle Plaintiff to any relief.

57.    Answering paragraph 57 of the Complaint, Defendants admit only that Plaintiff purports to assert this cause of action individually and on behalf of putative classes. Defendants deny that any class should be certified, deny that Plaintiff is an adequate or typical class representative, and deny all remaining allegations in paragraph 57.

58.    Answering paragraph 58 of the Complaint, Defendants admit only that Plaintiff alleges he purchased Defendants' products and that such purchases were consumer transactions in the ordinary sense of that term. Defendants deny the remaining allegations, including that Plaintiff or any putative class member is a "consumer" within the meaning of the CLRA in a manner that gives rise to liability, and deny that any such transaction caused injury or damage.

59.    Answering paragraph 59 of the Complaint, Defendants admit only that they are "persons" and that their products are "goods" as those terms are used in the CLRA. Defendants deny the paragraph to the extent it implies that Defendants violated the CLRA or are liable to Plaintiff or any putative class member.

60.    Answering paragraph 60 of the Complaint, Defendants admit that Civil Code section 1770(a)(5) exists and speaks for itself. Defendants deny any characterization of that statute inconsistent with its actual text and deny that they violated Civil Code section 1770(a)(5).

61.    Answering paragraph 61 of the Complaint, Defendants admit that Civil

Code section 1770(a)(7) exists and speaks for itself. Defendants deny any characterization of that statute inconsistent with its text and deny that they violated Civil Code section 1770(a)(7).

62.    Answering paragraph 62 of the Complaint, Defendants admit that Civil Code section 1770(a)(9) exists and speaks for itself. Defendants deny any characterization of that statute inconsistent with its text and deny that they violated Civil Code section 1770(a)(9).

63.    Answering paragraph 63 of the Complaint, Defendants deny each and every allegation, including that they severely overstated the amount of creatine in the products, misrepresented or omitted material facts, or violated any provision of the CLRA.

64.    Answering paragraph 64 of the Complaint, Defendants deny each and every allegation, including that they engaged in any wrongful business practices, that any such practices constitute a continuing course of conduct, or that Defendants are in violation of the CLRA.

65.    Answering paragraph 65 of the Complaint, Defendants deny each and every allegation, including that Plaintiff or any putative class member suffered economic injury, that they would have acted differently in the absence of any alleged misrepresentation, that they paid a "price premium," or that they received products lacking promised characteristics, ingredients, uses, benefits, or quantities.

66.    Answering paragraph 66 of the Complaint, Defendants admit only that they received correspondence from Plaintiff's counsel purporting to provide pre-suit notice under the CLRA and that the correspondence speaks for itself. Defendants deny the remaining allegations, including that the notice complies with Civil Code section 1782(a), and deny that they violated the CLRA or that Plaintiff is entitled to any relief based on such notice.

67.    Answering paragraph 67 of the Complaint, Defendants deny each and every allegation therein, including that Plaintiff or any putative class member is

DEFENDANTS ECOWISE WELLNESS LLC AND PROSPER NUTRITION LLC'S ANSWER TO COMPLAINT

entitled to actual damages, punitive damages, restitution, injunctive relief, attorneys' fees, or any relief whatsoever under the CLRA or otherwise.

### SECOND CAUSE OF ACTION

### (Violation of California Unfair Competition Law, Bus. & Prof. Code § 17200 et seq.)

68.    Answering paragraph 68 of the Complaint, Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 67 of the Complaint as though fully set forth herein, and deny that such allegations state any claim or entitle Plaintiff to any relief.

69.    Answering paragraph 69 of the Complaint, Defendants admit only that Plaintiff purports to assert this cause of action individually and on behalf of putative classes, and that he purports to proceed in the alternative. Defendants deny that any class should be certified, deny that Plaintiff is an adequate or typical class representative, and deny all remaining allegations in paragraph 69.

70.    Answering paragraph 70 of the Complaint, Defendants admit that Business and Professions Code section 17200 exists and that it prohibits unlawful, unfair, or fraudulent business acts or practices and misleading advertising, and that the statutory text speaks for itself. Defendants deny any characterization inconsistent with the statute's text and deny that they engaged in any unlawful, unfair, or fraudulent conduct.

71.    Answering paragraph 71 of the Complaint, Defendants deny each and every allegation, including that their acts constitute unlawful, unfair, or fraudulent business practices within the meaning of section 17200.

72.    Answering paragraph 72 of the Complaint, Defendants deny each and every allegation, including that they violated the "unlawful" prong of the UCL, that they violated the CLRA, FAL, or any other statute or common law that could serve as a predicate for UCL liability.

73.    Answering paragraph 73 of the Complaint, Defendants deny each and

every allegation, including that their marketing, advertising, packaging, or labeling deceived reasonable consumers, that they made misrepresentations or omissions of material fact, or that they engaged in any unlawful business practice.

74.    Answering paragraph 74 of the Complaint, Defendants deny each and every allegation, including that Plaintiff or any putative class member may properly allege additional violations of law in this action, and deny that Defendants engaged in any unlawful business acts or practices.

75.    Answering paragraph 75 of the Complaint, Defendants deny each and every allegation, including that they engaged in unfair business practices, committed acts or omissions as alleged, made misrepresentations or non-disclosures, or caused any substantial injury to consumers.

76.    Answering paragraph 76 of the Complaint, Defendants deny each and every allegation, including that Plaintiff or any putative class member suffered substantial injury, that they would not have purchased the products absent Defendants' alleged conduct, or that Defendants' packaging or labeling is unlawful, fraudulent, or unfair.

77.    Answering paragraph 77 of the Complaint, Defendants deny each and every allegation, including that they violated the fraudulent prong of the UCL, that any statements concerning creatine content are false or misleading, or that such statements are likely to deceive the public.

78.    Answering paragraph 78 of the Complaint, Defendants deny each and every allegation, including that Plaintiff lacks an adequate remedy at law or that equitable relief is warranted, and further deny that they engaged in the unfair conduct alleged.

79.    Answering paragraph 79 of the Complaint, Defendants deny each and every allegation, including that Plaintiff or any putative class member is entitled to restitution, injunctive relief, attorneys' fees, or any other relief under Business and Professions Code section 17203 or otherwise.

## THIRD CAUSE OF ACTION

### (False Advertising Law, Bus. & Prof. Code § 17500 et seq.)

80.     Answering paragraph 80 of the Complaint, Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 79 of the Complaint as though fully set forth herein, and deny that such allegations state any claim or entitle Plaintiff to any relief.

81.     Answering paragraph 81 of the Complaint, Defendants admit only that Plaintiff purports to assert this cause of action individually and on behalf of putative classes and in the alternative. Defendants deny that any class should be certified, deny that Plaintiff is an adequate or typical class representative, and deny all remaining allegations in paragraph 81.

82.     Answering paragraph 82 of the Complaint, Defendants admit that Business and Professions Code section 17500 exists and that the quoted language appears in that statute, which speaks for itself. Defendants deny any implication that they violated section 17500 or that any of their advertising was false or misleading.

83.     Answering paragraph 83 of the Complaint, Defendants deny each and every allegation, including that they committed acts of false or misleading advertising, that they misrepresented the creatine content of the products, or that the products contain less creatine than represented.

84.     Answering paragraph 84 of the Complaint, Defendants deny each and every allegation, including that they knew or should have known their advertising was misleading or false.

85.     Answering paragraph 85 of the Complaint, Defendants deny each and every allegation, including that they knew or should have known through the exercise of reasonable care that any advertising was untrue or misleading.

86.     Answering paragraph 86 of the Complaint, Defendants deny each and every allegation, including that their conduct is ongoing, that it is part of a general practice being repeated in California or nationwide, or that Plaintiff or any putative

1   class member was injured in fact or lost money or property as a result.

2      87.     Answering paragraph 87 of the Complaint, Defendants deny each and

3   every allegation, including that any alleged misrepresentations or non-disclosures

4   constitute false or misleading advertising or violate Business and Professions Code

5   sections 17500 et seq.

6      88.     Answering paragraph 88 of the Complaint, Defendants deny each and

7   every allegation, including that Plaintiff or any putative class member lost money or

8   property as a result of Defendants' conduct or is entitled to restitution or any other

9   relief.

10     89.     Answering paragraph 89 of the Complaint, Defendants deny each and

11  every allegation, including that Plaintiff or any putative class member is entitled to

12  monetary or non-monetary relief, including restitution, declaratory or injunctive

13  relief, attorneys' fees, or any other relief under the FAL or otherwise.

14     90.     Answering paragraph 90 of the Complaint, Defendants deny each and

15  every allegation, including that Plaintiff lacks an adequate remedy at law or that

16  equitable relief is warranted, and further deny that Defendants engaged in the unfair

17  conduct alleged.

18     91.     Answering paragraph 91 of the Complaint, Defendants deny each and

19  every allegation, including that Plaintiff would lack an adequate remedy at law in any

20  circumstance, that any "premium price" was paid because of Defendants' conduct, or

21  that equitable relief is appropriate.

22                         **<u>FOURTH CAUSE OF ACTION</u>**

23                          **<u>(Breach of Express Warranty)</u>**

24     92.     Answering paragraph 92 of the Complaint, Defendants re-allege and

25  incorporate by reference their responses to paragraphs 1 through 91 of the Complaint

26  as though fully set forth herein, and deny that such allegations state any claim or

27  entitle Plaintiff to any relief.

28     93.     Answering paragraph 93 of the Complaint, Defendants admit only that

FROST

Plaintiff purports to assert this cause of action on behalf of a putative nationwide class. Defendants deny that any such class should be certified, deny that Plaintiff is an adequate or typical class representative, and deny all remaining allegations in paragraph 93.

94.    Answering paragraph 94 of the Complaint, Defendants deny each and every allegation, including that California law properly governs the claims of a nationwide class or that any such choice-of-law allegations support liability.

95.    Answering paragraph 95 of the Complaint, Defendants deny each and every allegation, including that they warranted the products contained 5000 mg of creatine when they allegedly contained almost none, that the products were underfilled with creatine, that any such statements constitute actionable express warranties beyond lawful labeling, or that the products were not fit for their intended purpose.

96.    Answering paragraph 96 of the Complaint, Defendants deny each and every allegation, including that any alleged affirmations or promises became part of the basis of the bargain, that any express warranty was created, or that the products failed to conform to any such warranty or did not contain the amount of creatine promised.

97.    Answering paragraph 97 of the Complaint, Defendants deny each and every allegation, including that Plaintiff or any putative class member suffered economic injury, would have acted differently in the absence of the alleged warranty, paid a price premium, or received products lacking the characteristics, uses, or benefits promised.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

98.    Answering paragraph 98 of the Complaint, Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 97 of the Complaint as though fully set forth herein, and deny that such allegations state any claim or

entitle Plaintiff to any relief.

99.    Answering paragraph 99 of the Complaint, Defendants admit only that Plaintiff purports to assert this cause of action on behalf of a putative nationwide class. Defendants deny that any such class should be certified, deny that Plaintiff is an adequate or typical class representative, and deny all remaining allegations in paragraph 99.

100.    Answering paragraph 100 of the Complaint, Defendants deny each and every allegation, including that Plaintiff may properly assert unjust enrichment as a standalone cause of action or in the alternative under applicable law.

101.    Answering paragraph 101 of the Complaint, Defendants deny each and every allegation, including that California law properly governs an unjust enrichment claim on behalf of a nationwide class.

102.    Answering paragraph 102 of the Complaint, Defendants deny each and every allegation, including that Plaintiff or any putative class member conferred a cognizable benefit by purchasing allegedly "creatine-underfilled" products, or that the products were in fact underfilled.

103.    Answering paragraph 103 of the Complaint, Defendants deny each and every allegation, including that they wrongfully or unjustly accepted or retained any benefit from Plaintiff or any putative class member.

104.    Answering paragraph 104 of the Complaint, Defendants deny each and every allegation, including that they were unjustly enriched, that they misrepresented facts on product packaging, that Plaintiff or any putative class member suffered injury as alleged, or that any person would have refrained from purchasing the products if the "true facts" had been known.

105.    Answering paragraph 105 of the Complaint, Defendants deny each and every allegation, including that any benefit was obtained unlawfully, that any products were "creatine-underfilled," or that it would be unjust or inequitable for Defendants to retain any monies received, and further deny that Plaintiff or any putative class

member is entitled to restitution, disgorgement, or any other relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

106.    Defendants allege that the Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Truth / No Misrepresentation)

107.    Defendants did not make any false, misleading, or deceptive representation or omission of material fact. At all relevant times, any statements regarding the products were truthful, accurate, non-misleading, inactionable opinions, and/or substantiated as required by law.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Causation and Reliance)

108.    Plaintiff cannot establish that any alleged misrepresentation or omission by Defendants was a substantial factor in causing any injury or damage, or that Plaintiff actually saw, reasonably relied upon, or was induced by any specific statement by Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (No Injury / Standing)

109.    Plaintiff has suffered no injury in fact and lacks standing to seek the relief requested, including but not limited to injunctive relief and restitution. Plaintiff received the benefit of his bargain.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

110.    Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, including but not limited to those governing actions under the CLRA, UCL, FAL, warranty theories, and any other applicable statute.

## SIXTH AFFIRMATIVE DEFENSE

### (Preemption / Primary Jurisdiction)

111.  To the extent Plaintiff's claims would impose requirements different from or in addition to those imposed by federal law concerning labeling of dietary supplements or foods, such claims are preempted in whole or in part. Alternatively, some or all claims are barred or should be stayed under the doctrine of primary jurisdiction in favor of the United States Food and Drug Administration.

## SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Laws and Regulations)

112.  At all relevant times, Defendants acted in good faith and in conformity with, and in reliance upon, applicable statutes, regulations, guidance, and/or industry standards. Plaintiff's claims are barred to the extent Defendants' conduct complied with such laws and regulations.

## EIGHT AFFIRMATIVE DEFENSE

### (Comparative Fault / Third-Party Conduct)

113.  Any injury or damage alleged by Plaintiff, if any, was proximately caused or contributed to by the acts, omissions, or conduct of Plaintiff and/or third parties over whom Defendants had no control, including retailers, distributors, and independent laboratories. Any recovery must be reduced or barred accordingly.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

114.  Plaintiff and any putative class members have failed to mitigate any alleged damages. Any recovery must be barred or reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Ratification)

115.  Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, and/or acquiescence, including to the extent Plaintiff continued to purchase or consume the products with knowledge of the facts he now

alleges.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

116.   Any sums paid by Plaintiff for Defendants' products were voluntarily paid for goods received and consumed, with knowledge of the material facts. Any claim to recover such sums is barred by the voluntary payment doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Notice – Warranty)

117.   Plaintiff's warranty-based claims are barred, in whole or in part, by his failure to provide timely, adequate, and specific notice of any alleged breach as required by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Unlawful, Unfair, or Fraudulent Conduct)

118.   Defendants did not engage in any unlawful, unfair, or fraudulent conduct within the meaning of the UCL, FAL, CLRA, or any other statute.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Class Allegations Improper)

119.   Plaintiff's class allegations fail because Plaintiff cannot satisfy the prerequisites for class certification. Individual questions of fact and law, including but not limited to, exposure, reliance, causation, damages, and choice of law, predominate over any common questions, and a class action is not a superior method of adjudication.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment / Adequate Remedy at Law)

120.   Plaintiff's unjust-enrichment claim is barred because an adequate remedy at law exists and/or because unjust enrichment is not a standalone cause of action where an express contract or statutory remedies are alleged to govern the subject matter.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Due Process / Punitive Damages)

121.   Any claim for punitive or exemplary damages is barred, in whole or in part, by the Due Process Clause of the United States Constitution, the California Constitution, and applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

122.   Defendants have not yet completed their investigation of the facts and circumstances giving rise to this action and therefore reserve the right to assert additional defenses, cross-claims, counterclaims, or third-party claims as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff take nothing by way of his Complaint, and that the Complaint be dismissed with prejudice in its entirety;

2.     That no class be certified and that Plaintiff's request for class certification be denied;

3.     For judgment in favor of Defendants and against Plaintiff on all causes of action;

4.     For Defendants' costs of suit incurred herein, including reasonable attorneys' fees where authorized by law; and

5.     For such other and further relief as the Court may deem just and proper.

DEFENDANTS ECOWISE WELLNESS LLC AND PROSPER NUTRITION LLC'S ANSWER TO COMPLAINT

1    DATED:  December 5, 2025        FROST LLP

2

3

4                                        By: _____

5                                            KEVIN DICKER
                                             LAWRENCE J.H. LIU
6                                            Attorneys for Defendants
                                             ECOWISE WELLNESS LLC and
7                                            PROSPER NUTRITION LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS ECOWISE WELLNESS LLC AND PROSPER NUTRITION LLC'S ANSWER TO COMPLAINT